**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| HICA Education Loan Corporation, | ) | No. CV-12-0412-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Angela R. Merzenich, | ) | |
| Defendant. | ) | |

Plaintiff HICA Education Loan Corporation, a corporation organized under the laws of South Dakota, is the holder of promissory notes ("Notes") representing student loans issued to defendant in the unpaid principal amount of $12,599.72. Defendant allegedly has defaulted on the repayment of the loan under the terms of the Notes, prompting HICA to file this action for breach of contract. Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, over what on its face is presented as a state law breach of contract claim. Because we have a *sua sponte* obligation to determine subject matter jurisdiction, we asked plaintiff to file a supplemental brief addressing the jurisdictional issue. Based on our review of the supplemental brief, as well as the relevant law, we conclude that we do not have subject matter jurisdiction and accordingly dismiss the case.

28 U.S.C. § 1331 vests original jurisdiction in federal courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arise[s] under"

1  federal law if "a well-pleaded complaint establishes either that federal law creates the cause
2  of action or that the plaintiff's right to relief necessarily depends on resolution of a
3  substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers
4  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2586 (1983). Generally, federal question
5  jurisdiction arises when a complaint asserts a cause of action created by federal law. Less
6  frequently, federal "arising under" jurisdiction is invoked over state law claims that
7  "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g &
8  Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 2366-67 (2005). Therefore, even when there is
9  no federal cause of action, federal question jurisdiction may nevertheless exist where "a
10 state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial,
11 which a federal forum may entertain without disturbing any congressionally approved
12 balance of federal and state judicial responsibilities." Id. at 314, 125 S. Ct. at 2368.

13      Plaintiff alleges in its complaint that federal jurisdiction exists because the claims
14 "arise under the laws of the United States." Compl. ¶ 3. It asserts that the Notes at issue
15 relate to a federal student loan insurance program called the Health Education Assistance
16 Loan ("HEAL") program, see 42 U.S.C. §§ 292, *et seq*; 42 C.F.R. Part 60, and that therefore,
17 it has pled "a cause of action created by federal law." Suppl. Brief at 3. We disagree.

18      The complaint asserts one claim only–a state law breach of contract claim. The claim
19 does not present a federally-created cause of action. Therefore, we have jurisdiction over this
20 state law claim only if the claim also presents (1) a stated federal issue, that is (2) actually
21 disputed, and (3) substantial. None of these factors is satisfied here. There is no "actually
22 disputed" federal issue presented, substantial or otherwise. To raise an "actually disputed"
23 federal issue, a state cause of action must "really and substantially involv[e] a dispute or
24 controversy respecting the validity, construction or effect of [federal] law." Grable, 545 U.S.
25 at 313, 125 S. Ct. at 2363 (alterations in original) (quoting Shulthis v. McDougal, 225 U.S.
26 561, 569, 32 S. Ct. 704, 706 (1912)).

27      In Grable, for example, the state law claim turned on the interpretation of "service"
28 under the federal tax statute. Here, in contrast, there is no real or apparent dispute over the

- 2 -

1 interpretation or application of the HEAL loan statute or its regulations. Instead, plaintiff
2 alleges that defendant has "failed to make the payments due and owing under the terms of
3 the Notes, which constitutes breaches of contract." Compl. ¶ 16. The only issue is whether
4 the defendant defaulted on her loan obligation, the resolution of which will be governed by
5 the facts of the case, the loan document itself, and state contract law principles. Again, no
6 federal issue is presented.

7 It is not enough, as plaintiff contends, that the Notes "relate to" a federally insured
8 student loan program, Suppl. Brief at 2, or that federal regulations define the parameters of
9 the loans, including, for example, the maximum rate of interest, repayment terms, and
10 establishment of a loan default reduction program. Nor is it enough that the federal
11 government has a "strong interest" in the outcome of the case. Plaintiff contends that its
12 contract claim implicates federal interests because collection under the student loans directly
13 affects the federal government's insurance obligation under the HEAL program. But plaintiff
14 has not shown a "significant conflict . . . between an identifiable federal policy or interest and
15 the operation of state law," Empire Healthcare Assur., Inc. v. McVeigh, 547 U.S. 677, 693,
16 126 S. Ct. 2121, 2132 (2006) (quoting Boyle v. United Tech. Corp., 487 U.S. 500, 507, 108
17 S. Ct. 2510, 2516 (1988)), that would warrant the displacement of state law or the exercise
18 of federal jurisdiction.

19 Because no federal cause of action or significant or contested federal issue is
20 presented in this case, we are without subject matter jurisdiction.

21 **IT IS ORDERED DISMISSING** this case for lack of subject matter jurisdiction.
22 DATED this 27th day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge